Fornaris, Plaintiff and Appellee, v. Compagnie Generale Transatlantique, Defendant and Appellant.

Appeal from the District Court of Ponce in an Action for Damages.

No. 1714.—Decided June 6, 1918.

Principal and Agent.—The powers of an agent are *prima facie* co-extensive with the business entrusted to his care and will not be narrowed by limitations not communicated to the persons with whom he deals.

Id.—Contract—Acts and Conduct.—In the circumstances of this case it was held that the acts and conduct of the various agents of the defendant steamship company gave the complainant the right to believe that the Ponce agent was acting within the scope of his authority in entering into the transportation contract.

The facts are stated in the opinion.

*Messrs. José* and *Manuel Tous Soto* for the appellant.

*Mr. Gustavo Rodríguez* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The complainant, Arturo Fornaris Roig, alleged that in consideration of one thousand dollars the defendant company, by its agent in the city of Ponce, Pablo Vicenti, who was duly authorized to bind the company, made, in January, 1911, an agreement with said complainant to take one hundred and twenty-five persons from Ponce to St. Thomas on its boat *Abd-el-Kader,* which was to sail from that port on February 4, 1911; that with all passengers ready to embark and the boat in port, the company refused to take the passengers on board, to the damage of the complainant in the sum of nine hunderd and ninety-nine dollars.

The defendant company denied that the said agent, Pablo Vicenti, had any other powers than to embark passengers on the regular trips of the line, and that it was no part of the service of the steamer *Abd-el-Kader* to make trips to St. Thomas. In other words, that Pablo Vicenti was fully

authorized to ship cargo and sell passage on the regular lines of the company, but not to make a contract for a special excursion from Ponce to St. Thomas.

The principal issue in the case is whether the complainant had a right to believe from the whole acts and conduct of the defendant that Pablo Vicenti had authority to make a contract for the excursion trip referred to in the complaint. It was clear that no special authority to make such contract was shown, and it is also clear that Pablo Vicenti was not a general agent with power to direct the voyages of the company.

On the other hand, Pablo Vicenti assumed that he had such authority and showed to the complainant his cables and correspondence with an alleged general agent in St. Thomas to the effect that the voyage from Ponce to St. Thomas was only dependent upon the arrival of the steamer *Quebec* from Europe. The *Abd-el-Kader* was a smaller boat that was to take passengers and freight from St. Thomas to Ponce on the arrival of the *Quebec* at the port of St. Thomas. Vicenti not only assumed his authority, but issued tickets for the excursion trip. The *Abd-el-Kader* arrived at Ponce, but her owners refused to make the trip to St. Thomas. The proof of the acquiescence by this alleged general agent in St. Thomas in the excursion is satisfactory to our minds. At the last moment, however, the home officials refused to permit the voyage and alleged in the court that the agent or agents had no authority to bind them. There is, however, a letter from the company to its agent in Ponce. The company, after denying the power of its agents to bind the company, says "It would be interesting to know why our agent did not carry out the contract." The evidence indicates that the agents themselves believed that they had such authority, but were otherwise informed on consultation with the company.

In 2 C. J. 562, the text says:

"It follows from the above rules that as a general rule every

person who undertakes to deal with an alleged agent is, by the mere fact of the agency, put upon inquiry, and must discover at his peril that it is in its nature and extent sufficient to permit the agent to do the proposed act, and that its source can be traced to the will of the alleged principal, particularly where he is dealing with an agent whose authority he knows to be special, or where it is his first transaction with the agent, or the circumstances connected with the agency are such as should put him on inquiry.  *  *  * ''

"In determining whether a contract made for the carrier by an agent is binding, the principles of agency are applicable, and the general rule is well settled that, if the contract is within the general scope of authority of the agent, the carrier will be bound thereby, although the agent has acted beyond his instructions in the particular case.  This is in accordance with the well-settled principle that the powers of the agent are *prima facie* co-extensive with the business intrusted to his care and will not be narrowed by limitations not communicated to the persons with whom he deals.  Applying this principle it is very generally held that, where a railroad company places an agent in charge of its business at a station, and empowers him to contract for the shipment of freight, it holds him out to the public as having authority to contract with reference to all the necessary and ordinary details of the business, and, within the range of such business, he becomes a general agent, and, may bind the company by a contract within the scope of his apparent authority, although in making the contract he may have exceeded his authority."  10 C. J. 216, and authorities cited in note 2.

And see the note on "Ostensible Authority," 31 Cyc. 1236, bottom of page.

The complainant here had reason to believe that the agent or general agent had authority to make the contract alleged. The *Abd-el-Kader*, it is admitted, was to make a trip from St. Thomas to Ponce. It is not a far stretch for the public to believe that the agent and general agent had authority to send her on an excursion trip from Ponce to St. Thomas. And the letter from the company shows that the company, to say the least, would not have been much startled if the agents had carried out the contract. We conclude, therefore, that the acts and conduct of the various agents of the company gave the complainant the right to believe that the Ponce

agent was acting within the scope of his authority. The opinion of the court below was not transcribed in the record, which we regret, as we should like to have the benefit of its reasoning.

Appellant alleged error in admitting certificates as to the arrival of the *Quebec* at St. Thomas. As, however, the *Abd-el-Kader* arrived at Ponce, the error was harmless.

The second alleged error was in regard to the admission of letters and cables between the two agents. The principal objection to these documents is that they are not from the company and hence not binding on it. All these various documents were either admissions of the several agents tending to show an ostensible authority or scope of authority which the public had a right to believe, or their admission in evidence was harmless.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.